UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARLA D. PHILPOTT,

                Plaintiff,

     v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                Defendant.

Case No. C15-5937-MJP

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION**

Carla D. Philpott seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. Ms. Philpott contends the ALJ erred by failing to properly consider the opinion of reviewing doctor J. Dalton, M.D. Dkt. 14 at 1. Ms. Philpott contends the matter should be reversed and remanded for the ALJ to properly consider Dr. Dalton's opinion. Dkt. 15-1 at 2. The Commissioner argues the ALJ did not err in failing to consider Dr. Dalton's opinion because it was submitted for the first time to the Appeals Council and made a part of the record only after the ALJ issued his decision. Dkt. 16. The Commissioner further argues that remand is inappropriate because Dr. Dalton's opinion does not undermine the ALJ's decision. *Id.* As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**BACKGROUND**

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION - 1

In June 2012, Ms. Philpott applied for Title II disability insurance benefits (DIB) and Title XVI supplemental security income (SSI), alleging disability as of March 1, 2012. Tr. 190-202. Ms. Philpott's applications were denied initially and on reconsideration. Tr. 76-117. After the ALJ conducted a hearing on April 22, 2014, the ALJ issued a decision finding Ms. Philpott not disabled. Tr. 31-45.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Ms. Philpott has not engaged in substantial gainful activity since March 1, 2012, the alleged onset date.

**Step two:** Ms. Philpott has the following severe impairments: obesity, status post cervical discectomy and fusion; status post right shoulder distal clavicle excision and acromioplasty; arthritis of the low back, neck, right shoulder; lumbar degenerative disc disease; and spondylosis.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Ms. Philpott can perform light work, as defined in 20 CFR 404.1567(b) and 416.967(b), that does not require more than occasional reaching; that does not require more than frequent handling, fingering or feeling; that does not require exposure to hazards such as open machinery or unprotected heights; and that does not require exposure to pulmonary irritants.

**Step four:** Ms. Philpott cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Ms. Philpott can perform, she is not disabled.

Tr. 31-45. After the ALJ issued his decision, Ms. Philpott submitted additional evidence to the Appeals Council, including Dr. Dalton's reviewing opinion. Tr. 5-6, 450-52. The Appeals Council denied Ms. Philpott's request for review making the ALJ's decision the Commissioner's

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

final decision. Tr. 1-7.[3]

## DISCUSSION

Ms. Philpott's sole argument on appeal is that the Court should reverse the ALJ's decision because he failed to consider Dr. Dalton's reviewing opinion. Dkt. 14. This is not a basis to reverse the ALJ's decision. While the ALJ is required to consider all medical opinions in the case record, Dr. Dalton's opinion was not a part of the case record when the ALJ rendered his decision. Rather, Dr. Dalton's opinion was submitted to the Appeals Council and made part of the record only after the ALJ issued his decision. Tr. 450-52. The ALJ did not err in failing to consider an opinion that was not a part of the record before him to consider. Rather, where new information is submitted for the first time to the Appeals Council and made a part of the administrative record, the proper inquiry for the Court is whether that new evidence undermines the ALJ's decision. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012) ("when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence."). Here, considering the record as a whole, the Court finds Dr. Dalton's reviewing opinion does not undermine the ALJ's decision.

In June 2014 (after the ALJ's decision), Dr. Dalton reviewed some of Ms. Philpott's records and completed a physical functional assessment. Tr. 450-52. Dr. Dalton opined that Ms. Philpott had "significant (moderate)" limitations in: "postural restrictions," "gross or fine motor skill restrictions," as well as in her ability to "perform activities within a schedule, maintain

---

[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION - 3

regular attendance and be punctual within customary tolerances." Tr. 451. Dr. Dalton further opined that Ms. Philpott could lift 10 pounds maximum, could frequently lift or carry up to 10 pounds, could sit for most of the day and walk and stand for brief periods, was unable to sit 6 out of 8 hours (with standard breaks) and was unable to sit for prolonged periods with occasional pushing and pulling of arm or leg controls. *Id.* Dr. Dalton opined that the highest level of work Ms. Philpott could perform was sedentary. *Id.*

The ALJ did not consider Dr. Dalton's opinion because, as previously discussed, it was not a part of the record at the time the ALJ issued his decision. However, in assessing Ms. Philpott's physical limitations the ALJ gave great weight to the examining opinion of Daniel Davenport, M.D. Tr. 41. Dr. Davenport examined Ms. Philpott in March 2014 and opined, in relevant part, that she could stand and walk at least six hours and sit at least six hours, could occasionally lift 20 pounds and frequently lift 10 pounds, that she could occasionally climb, balance, stoop, kneel, crouch, or crawl, that she could occasionally reach and frequently handle, finger, and feel. Tr. 41, 373. Dr. Davenport did not find, as Dr. Dalton did, that Ms. Philpott's physical limitations in any way affected her ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances. Tr. 373. The ALJ included all of Dr. Davenport's physical limitations in the RFC with the exception of the postural limitations, which he included in the hypothical to the vocational expert (VE). [4]

---

[4] It appears the ALJ intended to include Dr. Davenport's postural limitations in the RFC as the ALJ indicated he was doing so in the body of the opinion. Tr. 39 ("[Ms. Philpott's] residual functional capacity is reduced to light exertion, with limitations in balancing, stooping, crouching, crawling, climbing, reaching, handling, fingering, and hazard exposure to address the degree of limitation caused by all of her conditions …"). However, Ms. Philpott does not raise this issue and, to the extent the RFC erroneously omitted the postural limitations opined by Dr. Davenport, any error was harmless. The ALJ included the postural limitations in the hypothetical to the vocational expert (VE) and the jobs identified at step five properly account for those limitations. Tr. 35, 71; *see Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION - 4

Dr. Dalton's opinion of Ms. Philpott's physical limitations conflicts with Dr. Davenport's opinion in several areas. However, Ms. Philpott does not argue the ALJ erred in relying on Dr. Davenport's examining opinion and, as a matter of law, Dr. Dalton's nonexamining opinion cannot, by itself, constitute substantial evidence that justifies rejecting Dr. Davenport's examining opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (In general, the opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician and "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician."). Moreover, Dr. Davenport's opinion consists of no more than "check-off" answers and contains no supporting explanation of the basis for his opined limitations. *See* 20 C.F.R. § 404.1527(c)(3) ("[B]ecause nonexamining sources have no examining or treating relationship with you, the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions."); *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (An ALJ "may 'permissibly reject[ ] ... check-off reports that [do] not contain any explanation of the bases of their conclusions.'" (quoting *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996))); *see also Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) ("[T]he regulations give more weight to opinions that are explained than to those that are not."); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (an ALJ need not accept the opinion of a physician that is conclusory). Accordingly, the Court finds Dr. Dalton's opinion does not undermine the ALJ's decision, and that decision is supported by substantial evidence, including the opinion of Dr. Davenport.

As Ms. Philpott makes no specific arguments in her Opening Brief as to whether and how

---

2008) (to the extent the RFC erroneously omitted the claimant's postural limitations any error was harmless since the jobs identified at step five accounted for the postural limitations).

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION - 5

<tr>
<td>1</td>
<td>Dr. Dalton's opinion undermines the ALJ's decision, the Court will not manufacture additional</td>
</tr>
</tr>

| | |
|---|---|
| 1 | Dr. Dalton's opinion undermines the ALJ's decision, the Court will not manufacture additional |
| 2 | arguments for her here.  *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th |
| 3 | Cir. 2003) (holding the court cannot manufacture arguments for an appellant and will review |
| 4 | only issues argued specifically and distinctly in a party's opening brief).  Thus, Ms. Philpott fails |
| 5 | to establish any basis for remand. |

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 1st day of September, 2016.

MARSHA J. PECHMAN
United States District Judge

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION - 6


1  Dr. Dalton's opinion undermines the ALJ's decision, the Court will not manufacture additional
2  arguments for her here.  *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th
3  Cir. 2003) (holding the court cannot manufacture arguments for an appellant and will review
4  only issues argued specifically and distinctly in a party's opening brief).  Thus, Ms. Philpott fails
5  to establish any basis for remand.

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 1st day of September, 2016.

MARSHA J. PECHMAN
United States District Judge